Ruífin. C.J.
 

 The course of the justice of the peace -was directly in opposition to the aot of 182S, and therefore erroneous. The postponement of the trial of a warrant, brought before the expiration of nine months from the -administration, is not in the discretion of the magistrate, 'but it is made peremptorily his duty ; that is, if required 'by the administrator, for whose benefit the act was passed. But it is not material now to consider that matter, since the administrator had in the County Court the benefit of the delay in pleading until the end of the nine months, and the question is as to the effect of his plea, As
 
 to
 
 that point the recent ease
 
 of Bryan
 
 v.
 
 Miller,
 
 10 Ired. 129 is decisive, as it establishes as the necessary construction of the statute, that the administrator is protected by judgments rendered against him within the nine months, though in suits after that in which he pleads them.
 

 
 *67
 
 As the administrator established bis plea
 
 ofplene ad-
 
 :ministravit, be was, of course, entitled under the act of 1777 to bis costs.
 
 Welbom
 
 v.
 
 Gordon
 
 1 Murph. 502. That rule is not altered by the statute, which allows a plaintiff, contrary to the common law, to sign judgment
 
 quando
 
 after issue joined on
 
 plene admmistrami
 
 ant? found against the plaintiff;, as was expressly held in
 
 Battle
 
 v.
 
 Rorke
 
 1 Dev. 228.
 

 It follows necessarily from those positions, that the plaintiff could not have judgment against the surety for the appeal, for, it is impossible there should fee judgment against the surety, when in the same record the judgment is for the principal. If the original judgment had been against the intestate and he had appealed and died, and the cause been revived against the administrator, then the surety would have heen liable for the debt formed' and. the costs; for, supposing that the administrator could therein put the question of assets in issue and it were found for him, such finding would
 
 not
 
 cover the whole obligation of the surety, who undertook for the ability of the debtor to pay the debt, if any should fee adjudged. But when the administrator appeals, the- very question may be, and generally is, whether he hath assets; and ii that be found for him, it entitles him to judgment, that the plaintiff take nothing by his writ 5 and that covers the entire undertaking of the surety for his principal, the administrator.
 

 It is considered, therefore, that the decisions were right on each point, and the judgment is affirmed.
 

 Pee Cueiaus, Judgment affirmed-